HALIFAX FUND, L.P., Plaint iff-Counter-Defendant-Appellee-Cross-Appellant,

v.

MRV COMMUNICATIONS, INC., Defendant–Counter–Claimant–Appellant–Cross–Appellee,

Nos. 02–7211, 02–7219(XAP).

United States Court of Appeals, Second Circuit.

Jan. 3, 2003.*

---

* Opinion amended and superseded: see 54 Fed.Appx. 718.

Eugene R. Licker (David Simon, Kirkpatrick & Lockhart, New York, NY, for Appellant, of counsel.

Martin Klotz (Lisa Solbakken, Willkie, Farr & Gallagher, New York, NY, for Appellee, of counsel.

PRESENT: OAKES CABRANES and KATZMANN Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 3rd day of January, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

In the District Court, plaintiff Halifax Fund L.P. ("Halifax") brought legal claims of (1) breach of contract and (2) negligent misrepresentation, and equitable claims of (3) promissory estoppel and (4) equitable estoppel, against defendant MRV Communications, Inc. ("MRV") for refusing to honor certain "warrants," or stock options, issued to Halifax under circumstances described more fully in the Opinion and Order below. *See Halifax Fund, L.P. v. MRV Communications, Inc.*, 00 Civ. 4878(HB), 2001 WL 1622261 (S.D.N.Y. Dec. 18, 2001). Halifax tried its legal claims to a jury and its equitable claims to the Court. The jury rejected Halifax's breach of contract and negligent misrepresentation claims, and the Court, in accordance with the recommendations of an advisory jury verdict, rejected Halifax's promissory estoppel claim, but found in Halifax's favor on the equitable estoppel claim, awarding damages of $1,799,417. *See id.*

Halifax appeals (1) the District Court's jury instructions regarding the breach of contract claim, (2) the District Court's rejection of the promissory estoppel claim, and (3) the District Court's under-estimation of damages with respect to the equitable estoppel claim. MRV appeals (1) the District Court's judgment for Halifax on the equitable estoppel claim and (2) the District Court's over-estimation of damages on that claim. We affirm the judgment of the District Court in its entirety.

## I. Breach of Contract

We turn first to Halifax's claim that the District Court gave an erroneous jury instruction to the jury regarding its breach of contract claim. This assertion is entirely without merit.

Halifax states that it had requested that the Court give the following jury instruction as part of the breach of contract claim:

Although other ways of indicating assent are possible, such as orally agreeing to terms or otherwise acting in a manner indicating assent, *perhaps the most obvious way of indicating assent is by signing an agreement that has been reduced to writing.*

Tr. 456 (emphasis indicating part of the instruction not given). Instead of that in-

struction, the Court instructed the jury as follows:

> Mutual assent is often referred to "as a meeting of the minds" of the parties on all essential terms of the contract, although other ways of indicating assent are possible, such as orally agreeing to terms or otherwise acting in a manner indicating assent. Thus, Halifax must prove that MRV agreed that the expiration date of the warrants would be extended until June 6, 2000.

Tr. 577–78. Halifax argues that the actual instructions given "prevented the jury's consideration of the most obvious manner by which MRV could manifest its assent to be bound by the terms of the Share Warrants, i.e. by signing them." Pl.'s Br. at 52.

We find no error. Halifax suggests that because there was no instruction telling the jury that the "most obvious way of indicating assent" is by signing a written agreement, the jury did not know that it could rely on a written agreement to find a binding contract. However, by stating that "*other* ways of indicating assent are possible" in interpreting a contract, the District Court strongly implied the primary way of indicating assent was through the written contract itself. Furthermore, the fact that a written contract is the most obvious way of evidencing assent is virtually a truism. The District Court's failure to spell out what amounts to a truism cannot be considered error.

## II. Promissory Estoppel

We have reviewed Halifax's second claim, challenging the District Court's rejection of its promissory estoppel claim. For substantially the reasons stated by the District Court, we agree that pursuant to New York law, and to the applicable principles of equity thereunder, plaintiff's promissory estoppel claim must fail.

## III. Equitable Estoppel

MRV's appeal of the Court's judgment for Halifax on the equitable estoppel claim is also without merit. MRV challenges the District Court's finding that the elements of equitable estoppel were established in this case. Were we asked to make such a factual determination in the first instance, we would be faced with a difficult, fact-intensive undertaking. *See Halifax,* 2001 WL 1622261, at *3 ("Equitable estoppel is an equitable remedy, and its application turns upon a close examination of the facts and equities."). However, on appeal we must only decide whether the District Court's determination was an abuse of discretion. *Sharkey v. Lasmo,* 214 F.3d 371, 374 (2d Cir.2000) (holding that a reviewing court reviews the District Court's grant of relief in equity for abuse of discretion). We find no abuse of discretion. The District Court considered all of the relevant evidence, and made factual findings that are reasonable on their face, particularly given the existence of an advisory jury verdict in which the jury reached the same conclusion as the District Court on the equitable estoppel issue.

## IV. Damages

Finally, we turn to the District Court's calculation of damages and conclude that neither defendant's nor plaintiff's objections to the Court's calculations are meritorious. Neither party has established that its proposed calculation of damages would be any less speculative that the Court's award of $1,799,417 in damages to Halifax, and we reject Halifax's argument that all ambiguity in the determination of the appropriate "cover period," and the ultimate calculation of damages, should be resolved in its favor.

\*      \*      \*      \*      \*      \*

We have reviewed all of the parties' arguments. For the reasons set forth above, the judgment of the District Court is AFFIRMED in all respects.